# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB NADHIM KIFAH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNNAMED,<br><br>　　　　Respondent. | Case No.  1:24-cv-00856-SKO-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT<br><br>[THIRTY DAY DEADLINE] |

Petitioner is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition on July 25, 2024.  The petition does not name a respondent.  Petitioner will be granted leave to amend the petition and name a proper respondent to avoid dismissal of the action.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254 Cases.

1

1  A petition for habeas corpus should not be dismissed without leave to amend unless it appears
2  that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440
3  F.2d 13, 14 (9th Cir. 1971).

4  Petitioner fails to name a respondent. A petitioner seeking habeas corpus relief must name
5  the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules
6  Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
7  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having
8  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
9  incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v.
10 United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the
11 chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894;
12 Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is
13 his probation or parole officer and the official in charge of the parole or probation agency or state
14 correctional agency. Id.

15 Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
16 for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
17 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
18 Cir. 1976). The Court will give Petitioner the opportunity to cure this defect by amending the
19 petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana,
20 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.
21 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v.
22 State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In the interests of judicial economy,
23 Petitioner need not file an amended petition. Petitioner may instead file a motion titled "Motion
24 to Amend the Petition to Name a Proper Respondent" in which he may name the proper
25 respondent in this action.

26 **ORDER**

27 Accordingly, Petitioner is GRANTED thirty days from the date of service of this order in
28 which to file a motion to amend the instant petition and name a proper respondent. Failure to

amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **July 29, 2024**                           /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE