UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB NADHIM KIFAH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOHN ZANONI, SHERIFF,<br><br>　　　　　Respondent. | No.  1:24-cv-00856-JLT-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS**<br><br>**[Doc. 14]**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　　Petitioner is a state pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On July 25, 2024, Petitioner filed the instant § 2254 petition in this Court. (Doc. 1.) He is in pretrial custody at the Fresno County Jail challenging a detainer lodged against him by the U.S. Marshals Service.  On December 20, 2024, Respondent filed a motion to dismiss the petition for lack of jurisdiction and for failure to exhaust state remedies. (Doc. 14.)  Petitioner did not file a reply.

　　　　Upon review of the pleadings, the Court finds that it lacks jurisdiction to grant the relief Petitioner seeks. In addition, the claims are unexhausted. Therefore, the Court will recommend Respondent's motion to dismiss be GRANTED and the petition be DISMISSED.

/////

/////

1

**DISCUSSION**

Title 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody *pursuant to the judgment of a State court*. . . ." (emphasis added.) Because Petitioner is a pretrial detainee, he is not being held "pursuant to the judgment of a State court." Thus, Respondent is correct that the Court lacks jurisdiction under § 2254.

Petitioner's claim instead falls under 28 U.S.C. § 2241. See Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973) (Rehnquist, J., dissenting) ("Section 2254 pertains only to a prisoner in custody pursuant to a judgment of conviction of a state court; . . . . The issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, *inter alia*, before a judgment is rendered in a criminal proceeding."); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir.2001) (explaining that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241); Bingaman v. Warden, El Dorado Cnty. Jail, 2023 WL 7338852, at *1 (E.D. Cal. 2023), *report and recommendation adopted sub nom.* Bingaman v. Warden, 2023 WL 8452775 (E.D. Cal. 2023) ("District courts have jurisdiction under section 2241 to consider habeas petitions brought by pretrial detainees").

Section 2241 permits habeas review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner is not a federal prisoner, but his complaint involves a federal detainer. He asks that this Court lift the detainer so that he may seek pretrial bail release. Even under § 2241, however, the Court lacks jurisdiction.

Pursuant to § 2241(c):

The writ of habeas corpus shall not extend to a prisoner unless--

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the

1         United States; or

2         (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

5         (5) It is necessary to bring him into court to testify or for trial.

As Respondent notes, Petitioner does not fall into any of these categories, as he is currently in state custody. A federal detainer is also insufficient to establish federal custody. See Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994) (a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available"); Carter v. Uribe, 2010 WL 234803, at *2 (C.D. Cal. 2010) ("A detainer letter or 'hold' are insufficient to place petitioner in federal custody for habeas corpus purposes"); Campos v. INS, 62 F.3d 311, 313 (9th Cir. 1995) (same). Thus, the Court is without jurisdiction to proceed under § 2241.

Furthermore, Petitioner has not demonstrated exhaustion of state remedies. As a matter of comity, a federal court will generally not grant habeas relief to a state prisoner who has not exhausted the available state judicial remedies. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Exhaustion requires presentation of a petitioner's claims to the state court, "even if that court's review is discretionary." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); see also Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although it is an open question in this circuit whether a pretrial detainee seeking relief under § 2241 relief must first exhaust his state remedies, "courts in this district have generally held that requiring exhaustion of section 2241 claims is the most prudent option." Bingaman, 2023 WL 7338852, at *1; Toft v. D'Agostini, 2022 WL 1433525, at *1-2 (E.D. Cal. 2022); Sinclair v. Shaber, 2023 WL 5280144, *2 (E.D. Cal. 2023). Here, Petitioner has not exhausted his state remedies by seeking relief in the appellate court or California Supreme Court. Thus, the Court finds that the petition is unexhausted as well.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction and failure to exhaust state remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **March 3, 2025**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE